UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY HENRY, | Case No. 14-10392 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER OF LASALLE BANK, N.A, AS TRUSTEE FOR WWALT 2006-1 | Michael Hluchaniuk United States Magistrate Judge |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION
MOTION TO DISMISS (Dkt. 2)**

**I.    PROCEDURAL HISTORY**

This matter was removed to federal court on January 27, 2014 by defendant, U.S. Bank N.A., based on diversity jurisdiction.  (Dkt. 1).  Plaintiff, proceeding pro se, filed a complaint to quiet title, for promissory estoppel, and for declaratory judgment in Wayne County Circuit Court.  (Dkt. 1-1).  On February 3, 2014, defendant filed a motion to dismiss the complaint.  (Dkt. 2).  District Judge Nancy G. Edmunds referred this matter to the undersigned for all pretrial proceedings. (Dkt. 4).  On February 24, 2014, plaintiff filed a response to the motion to dismiss. (Dkt. 6).  And, on March 13, 2014, defendant filed a reply.  (Dkt. 7).  On March

18, 2014, the Court issued a notice of determination without oral argument.  (Dkt.

8).   This matter is now ready for report and recommendation

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendant's motion to dismiss be **GRANTED** and plaintiff's complaint

**DISMISSED** with prejudice.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Complaint

At the time of the events giving rise to this action, plaintiff resided at 27061

Debiasi, Brownstown, MI 48174 (the property).  (Dkt. 1-1, Pg ID 14).  Plaintiff

says he became aware that there were some issues relating to delinquent payments

on the mortgage on the properly in October 2012, after the property had,

unbeknownst to plaintiff, gone to Sheriff's Sale.  (Dkt. 1-1, Pg ID 15).  Plaintiff's

estranged wife, Karon Wilkerson, who is the mortgagor, did not apply for a

mortgage as husband and wife, as stated in the mortgage.  (Dkt. 1-1, Pg ID 15-16).

Plaintiff alleges that after he sought to resolve the problem, Trott & Trott was

supposed to adjourn the Sheriff's Sale to allow plaintiff an opportunity to gather

information to avoid foreclosure.  Plaintiff was initially denied information

because he was not on the mortgage, even though payments were made from his

account, but he was eventually able to obtain the information.  (Dkt. 1-1, Pg ID

16).

According to plaintiff's complaint, on November 6, 2013, defendant, through Trott & Trott, without the promised notice to plaintiff about the new Sheriff's Sale date, wrongfully conducted the Sheriff's Sale, despite plaintiff's equitable interest.  Plaintiff also alleges that he was prevented from even entering the Sheriff's Sale.  And, while he later discussed redeeming the property, he was denied access to cure any defects.  (Dkt. 1-1, Pg ID 16).

Plaintiff asserts that defendant's foreclosure and transfer of title is a cloud on the title of the property, in which plaintiff claims an interest, and that defendant deceived him as to the total loan amount, not the Sheriff's Sale amount, which would cause him severe economic harm if he is forced to pay more for the true value of the property.  (Dkt. 1-1, Pg ID 16-17).  Plaintiff claims that Karon Wilkerson packed up the property while he was out of state and moved to another location, without any notice to plaintiff.  Plaintiff arrived at the property to find it empty and was unaware that Wilkerson left the residence and was under the impression that payments had been paid in full.  (Dkt. 1-1, Pg ID 17).  Plaintiff says he has secured financing to correct the defects on the property.  *Id.*

Plaintiff contends that he has had continuous communications with Trott & Trott regarding redeeming the property, which has not yet been placed in writing because plaintiff's name is not on the mortgage.  According to plaintiff, he is being told that they need to finalize the foreclosure in order to provide the written

Report and Recommendation
Motion to Dismiss
*Henry v. U.S. Bank*; Case No. 14-10392

agreement to plaintiff.  (Dkt. 1-1, Pg ID 17).  Despite these negotiations, defendant and its agent, Trott & Trott, have failed and refused to discharge the foreclosure action while negotiating a settlement allowing plaintiff to redeem the property. Plaintiff claims that defendant has no legal standing to act in the foreclosure proceeding and plaintiff claims superior title and foreclosure irregularities.  (Dkt. 1-1, Pg ID 17-18).  Plaintiff alleged that defendant's interest was by Sheriff's Deed, signed by parties whom plaintiff does not believe had any authority. Plaintiff asserts that the deed could not have given any property rights to defendant.  Thus, plaintiff claims that defendant could not properly foreclose on the property and the foreclosure must be set aside.

B.     Defendant's Factual Assertions

On November 30, 2005, Karon Wilkerson, also known as Karen Wilkerson, a single woman, gave a mortgage (Mortgage) on her home, 27061 Debiasi Drive, Brownstown Township, MI 48174 (Property), to Mortgage Electronic Registration Systems, Inc. (MERS) in exchange for a residential loan in the amount of $303,850.00.  A copy of the Mortgage was recorded on January 17, 2006 by the Wayne County Register of Deeds in Liber 44150, Page 613, Wayne County Records.  (Dkt. 2, Ex. A).  The Mortgage was later assigned to plaintiff on April 15, 2008.  An Assignment of Mortgage (the "Assignment") was recorded in Liber 47174, Page 924, WCR on April 22, 2008.  (Dkt. 2, Ex. B).  Wilkerson was

the only mortgagor on the mortgage.  After Wilkerson defaulted on her obligations under the Mortgage, U.S. Bank commenced foreclosure by advertisement proceedings under Mich. Comp. Law § 600.3201 *et seq*.  On October 4, 2012, defendant purchased the Property at a Sheriff's Sale for $216,342.50.  (Dkt. 2, Ex. C).  The statutory redemption period expired on April 4, 2013, six months from the date of the Sheriff's Sale.  Neither Wilkerson nor anyone acting on her behalf redeemed the property by April 4, 2013.

On or about June 14, 2013, the State District Court entered a default judgment of possession in U.S. Bank's favor.  (Dkt. 2, Ex. D, Default Judgment). On June 19, 2013, plaintiff filed a motion seeking to have the default judgment set aside.  In his motion, he argued that he was estranged from Wilkerson and that he had been unaware of the summary eviction proceedings.  On July 26, 2013, the State District Court entered an order on the merits denying the motion to set aside the default.  (Dkt. 2, Ex. E).  On or about July 29, 2013, plaintiff appealed the denial of his motion to set aside default to the State of Michigan Wayne County Circuit Court.  After briefing and oral argument, on December 20, 2013, the State Circuit Court entered an order affirming the lower court's ruling.  (Dkt. 2, Ex. F).

## III.    ANALYSIS AND CONCLUSIONS

### A.    Standard of Review

Although Rule 12(c) states that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment," courts have found that when the issue of res judicata is presented, it is "a purely legal issue" that can be considered in the context of a motion for judgment on the pleadings. *Booker v. City of Beachwood*, 2007 WL 1039155 (N.D. Ohio 2007), citing *Hutcherson v. Lauderdale County, TN.*, 326 F.3d 747, 756 (6th Cir. 2003). The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citation omitted.). On a motion to dismiss, a court considering an affirmative defense of *res judicata*, as here, may take judicial notice of public records including judicial proceedings. *Automated Solutions Co. v. Paragon Data Systems, Inc.*, 2008 WL 2404972, *6 (N.D. Ohio 2008), citing *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426–27 (3d Cir.1999); 2 Moore's Federal Practice § 12.34; *Rushford v. Firstar Bank, N.A.*, 50 Fed.Appx. 202, 205 (6th Cir. 2002). Moreover, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records,

items appearing in the record of the case and exhibits attached to defendant's

motion to dismiss so long as they are referred to in the Complaint and are central to

the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426,

430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.

1997) (noting that the Sixth Circuit has "held that 'documents that a defendant

attaches to a motion to dismiss are considered part of the pleadings if they are

referred to in the plaintiff's complaint and are central to h[is] claim'"), quoting

*Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.

1993). "[I]n general, a court may only take judicial notice of a public record

whose existence or contents prove facts whose accuracy cannot reasonably be

questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

The documents attached to the motion to dismiss are pleadings from the prior court

action or are documents mentioned in plaintiff's complaint.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first

comply with Rule 8(a)(2), which requires "'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his

entitlement to relief," which "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.") (emphasis in original).

B.   <u>*Res Judicata*</u>

According to defendant, plaintiff's complaint should be dismissed because it is barred by the doctrines of res judicata and collateral estoppel. As the prior actions were Michigan state court actions, defendant asserts that the Court must apply Michigan law to determine if plaintiff's claims are barred.  *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996).  In Michigan, *res judicata* bars a subsequent suit between the same parties when the evidence or essential facts remain the same. *Eaton Cnty. Bd. of Cnty. Rd Comm'rs v. Schultz*, 205 Mich. App. 371, 375; 521

N.W.2d 847 (1994). For this doctrine to apply, (1) the former suit must have been decided on the merits, (2) the issues in the second action were or could have been resolved in the former one, and (3) both actions must involve the same parties or their privies. *Id.* The applicability of *res judicata* presents a question of law to be decided by the court. *Energy Reserves, Inc. v. Consumers Power Co.*, 221 Mich. App. 210, 215- 16; 561 N.W.2d 854 (1997). Michigan follows a "broad rule" of *res judicata* which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties could have raised but failed to do. *Hackley v. Hackley*, 426 Mich. 582, 585; 395 N.W.2d 906 (1986).

Defendant argues that *res judicata* precludes plaintiff from re-litigating any claims related to the foreclosure of the property. First, the prior actions were decided on the merits when the State District Court denied plaintiff's motion to set aside default on the merits, and the State Circuit Court affirmed the State District Court's decision after full briefing and oral argument. Thus, defendant contends that the first element of *res judicata* is met. Second, defendant argues that the issues in this case were or could have been brought in the prior actions. Plaintiff requested the default judgment in the State District Court be set aside because he had been working out of town and was unaware the monthly mortgage payments were not being made by his estranged wife. (Dkt. 2, Ex. G, Motion to Set Aside Default, ¶ ¶ 2-4). Plaintiff further alleged that he attempted to contact U.S. Bank

but was unable to obtain information because he was not a signatory on the mortgage, and that the lack of information prohibited him from being able to redeem the Property. *Id.* at ¶¶ 10-11. Finally, plaintiff alleged that the Sheriff's Sale should be set aside and U.S. Bank denied possession of the property because of the alleged lack of notice and opportunity to redeem. *Id.* at Brief, p. 2. Thus, according to defendants, just as in the prior actions, plaintiff's claims rest on the allegation that Sheriff's Sale and Judgment of Possession should be set aside because he was not provided information concerning the foreclosure or an opportunity to redeem the property.

Defendant also points out that plaintiff specifically notes in his Complaint that he "has continued to have communications with [U.S. Bank, N.A.'s foreclosure counsel] due to ongoing litigation as to redeeming the [P]roperty, which no one has yet to place the agreement in writing claiming Plaintiff's name did not appear on the [M]ortgage and they need to finalize the foreclosure to provide a written agreement to Plaintiff." (Dkt. 1-1, Complaint, ¶ 15). According to defendant, plaintiff's complaint is replete with allegations concerning notice of the foreclosure and his attempts to set aside the Sheriff's Sale and redeem the Property. *See id.*, ¶¶ 7-9, 13, 15-16. Thus, defendant maintains that plaintiff's current complaint alleges claims that could have been, should have been, and in fact were brought during the prior actions, and the second element of *res judicata*

is met.  Third, defendant alleges that the parties in the prior actions and this action

are identical.  Therefore, the third element of *res judicata* is met.  Because the three

elements set forth by the Michigan Supreme Court have been met, and because the

issues before the Court were already decided or could have been decided in the

prior actions, defendant asserts that *res judicata* serves as an absolute bar to

relitigating any claims related to the Loan, Note, Mortgage, or the foreclosure of

the property.

In opposing defendant's *res judicata* argument, plaintiff argues that a default

by a party does not amount to a judgment on the merits and, therefore, will not bar

a new action on the same subject matter.  *Scheinman v. Baker*, 250 Mich. 668; 230

N.W. 904 (1930); *In re Ward's Estate*, 152 Mich. 218; 116 N.W. 23 (1908); *Carter

v. SEMTA*, 135 Mich. App. 261 (1984).[1]  Plaintiff argues that because there was

never any motion brought for summary judgment which sought dismissal of any

action in district or circuit court, *res judicata* does not apply.  *Caughy v. Rozycki*,

22 Mich. App 317; 177 N.W.2d 257 (1970); *Corley v. Karwczak*, 34 Mich. App.

---

[1]  These cases are either readily distinguishable from the present circumstance or
inapplicable.  In *Sheinman*, the parties agreed to discontinue an equity suit without prejudice.
The court held that the defendant, having agreed as such, could not invoke the prior suit as a bar
to the second suit.  *Ward's Estate* involved an appeal from a probate court decision and stands
for the proposition that, in order to operate as a bar to a subsequent suit, a dismissal of a suit
must have been on the merits, or if voluntary, after proofs taken and the case ready for hearing.
Here, the question remains whether the state court cases addressed the merits.  In *Carter*, the
Court concluded that a prior involuntary dismissal with prejudice in federal court operated as a
bar to a subsequent state court suit, which is not the circumstances presented here.

472; 191 N.W.2d 514 (1971); *Green v. Wayne Soap Co.*, 33 Mich. App. 74; 189

N.W.2d 729 (1971), *rev'd* 385 Mich. 785; 189 N.W.2d 220 (1971).[2]  According to

plaintiff, because he never filed an action until this case, which was removed to

federal court by defendant, and there was no dismissal by the state court of an

action on motion by defendant or by order of the court, there is no adjudication on

the merits and *res judicata* does not bar litigation of a new action on newly raised

subject matters.  *Markowski v. Towles*, 195 Mich. App. 106 (1992); *Wilson v.

Knight-Ridder Newspapers, Inc.*, 190 Mich. App. 277 (1991); *Carter v. SEMTA*,

135 Mich. App. 261 (1984).[3]

        As explained in *Brosius v. Wells Fargo Bank*, 2014 WL 2199627, *4 (E.D.

Mich. 2014), the doctrine of res judicata, or claim preclusion, bars the re-litigation

of a final judgment on the merits in a subsequent action.  "Federal courts must give

the same preclusive effect to a state-court judgment as that judgment receives in

---

        [2] These cases are equally inapplicable to present circumstances.  In *Caughey* and *Green* the courts concluded that a no progress dismissal was not an adjudication on the merits and the second suit could be brought.  The present case does not involve a no progress dismissal. Similarly, in *Corley*, the court concluded that where prior dismissal did not state that dismissal was without prejudice, such a dismissal acted as an adjudication on the merits and barred a subsequent action.  Again, here, no dismissal is as issue.

        [3] In *Markowski*, the court concluded that plaintiff's claims were barred because the previous action was dismissed with prejudice on defendant's motion.  In *Wilson*, the court held that dismissal with prejudice for violation of a court order was an adjudication on the merits for purposes of *res judicata*.  These cases, like others cited by plaintiff, stand for the unremarkable proposition that the prior case must have been adjudicated on the merits.  That is the question in this case as well, but none of these cases direct the conclusion that the prior litigation between the parties was *not* adjudicated on the merits.

the rendering state." *Id.*, quoting *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816–17 (6th Cir. 2010), citing *Abbott v. Mich.*, 474 F.3d 324, 330-31 (6th Cir. 2007). "This doctrine applies where the first action was decided on the merits; the matter contested in the second action was or could have been resolved in the first; and both actions involve the same parties or their privies." *Brosius*, at *4, quoting *Simpson v. JP Morgan Chase Bank, N.A.*, 2010 WL 3814853, at *1 (Mich. App. 2010), citing *Dart v. Dart*, 460 Mich. 573, 586; 597 N.W.2d 82 (1999). Notably, Michigan courts construe *res judicata* very broadly and have barred claims that have been litigated as well as "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Brosius*, at *4, quoting *Sewell v. Clean Cut Management, Inc.*, 463 Mich. 569, 575; 621 N.W.2d 222 (2001), quoting *Dart*, 460 Mich. at 586.

As noted in *Brosius*, the exception to this broad application, however, is when the first action is a summary proceeding. *Brosius*, at *5, citing *JAM Corp. v. AARO Disposal, Inc.*, 461 Mich. 161, 168-70; 600 N.W.2d 617 (1999). In a summary proceeding, a judgment for possession "entitles the plaintiff to possession of the premises and sets the amount due under the contract, which the defendant must pay." *JAM Corp.*, 461 Mich. at 170. The Michigan Supreme Court has subsequently explained:

> Our decision in *JAM Corp*. recognized a statutory

> exception to [the general application of res judicata] with
> respect to claims that "could have been" litigated in a
> prior proceeding. There, we recognized that the
> legislative intent for this exception was to remove the
> incentive for attorneys to "fasten all other pending claims
> to swiftly moving summary proceedings." Our decision
> in *JAM Corp*. said nothing about the preclusive effect of
> claims actually litigated in the summary proceedings.
> Thus, the "other claims of relief," described in *JAM
> Corp.,* [ ] were those claims that "could have been"
> brought during the summary proceedings, but were not.
> *This court was not describing subsequent claims
> involving the issues actually litigated in the summary
> proceedings.*

*Sewell*, 463 Mich. at 576 (internal citations omitted) (emphasis added).  Therefore,

a "judgment in [ ] summary proceedings, no matter who prevails, does not bar

other claims for relief," but does bar those claims that were actually litigated.  *JAM

Corp.*, 461 Mich. at 170.  Just as in *Brosius*, the state action in the current case falls

within this exception to the broad application of *res judicata* in Michigan law, but

the Court must still decide whether the claims actually litigated in the prior actions

bar the relief requested by plaintiff here.

There is no real dispute that the parties are the same in this action as the state

court action and that the prior actions were decided on the merits.  The issues, as

described above, is whether the claims at issue here were resolved in the first

action.  The undersigned concludes that they were as to plaintiff's claims regarding

the redemption.  The crux of plaintiff's defense to the summary proceeding was

that he was trying to redeem the property and that defendant was preventing him from doing so.  In his motion to set aside the default entered against himself as the occupant of the property, plaintiff (defendant in the prior state court actions), made the exact same arguments that he makes in this case.  Specifically, plaintiff argues he attempted to contact the party who conducted the foreclosure, attempted to obtain a pay off amount for the property, and offered to cure any defects.  (Dkt. 2-8).  Plaintiff also claimed in his motion to set aside the default judgment that he was prevented from trying to redeem the property because he was not listed on the mortgage.  Plaintiff claimed that under the Protecting Tenants at Foreclosure Act of 2009, he had a right to receive 90 days notice, which he did not receive.  Plaintiff also asked the Court to extend the redemption period.  (Dkt. 2-8).  Plaintiff's motion was denied by the State District Court and affirmed by the Circuit Court.  (Dkt. 2-6, 2-7).  Thus, plaintiff's claims regarding the redemption, including his promissory estoppel claim, were addressed on the merits by the State Court in the summary proceedings and cannot be raised here because they are barred by *res judicata*.

   C.   Quiet Title Claim

   To the extent that plaintiff claims that the foreclosure and property transfers must be set aside, those claims do not appear to have been directly raised in the summary proceeding below.  Unlike *Lavoy v. Alternative Loan Trust 2007-4CB*,

2014 WL 783497, *8 (Mich. App. 2014), the plaintiff here did not enter into a consent judgment. In *Lavoy*, the court concluded that the bank's right to possession and the validity of the sheriff's sale could not be challenged in a subsequent proceeding because the parties had entered into a consent judgment of possession, which judgment made the bank's right to possession conclusive and *res judicata* barred the re-litigation of the foreclosure proceeding and the sheriff's sale on which the right of possession was premised. *Id*. at 8. Here, there was no consent judgment, thus is appears that plaintiff's claims regarding the propriety of the foreclosure itself falls within the exception to *res judicata* involving summary proceedings.

However, plaintiff admits that he has no interest in the property sufficient to support a quiet title claim. In an action seeking quiet title relief, plaintiff has the initial burden of proof, which then shifts to the defendant to prove that it has superior title in the property at issue. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Cnty. Road Comm'n*, 236 Mich. App. 546 (1999); *see also Estate of Malloy v. PNC Bank*, 2012 WL 176143, at *8 (E.D. Mich. 2012) ("Under Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title."), citing *Stinebaugh v. Bristol*, 132 Mich. App. 311; 347 N.W.2d 219 (1984). The elements of a prima facie case include establishing the superiority of the plaintiff's claim

based on public records.  Mich. Court Rule 3.411.  In this case, plaintiff concedes

that he was not a mortgagor, but had, at best, a possessory interest, and cannot

claim superior title to defendant, who holds all right, title and interest in the

property following expiration of the redemption period.  *Cavey v. Bank of America*,

2014 WL 1305037 (E.D. Mich. 2014), citing *Leone v. Citigroup, Inc.*, 2012 WL

1564698, at *3 (E.D. Mich. 2012) ("Because the indebtedness has not been fully

paid, the mortgage remains a valid encumbrance on the property.  Thus, plaintiff

cannot state a plausible claim for relief to quiet title.... At best, plaintiff has a

possessory interest if he is living at the property.  That is not sufficient to trump the

valid interests of CMI and BOA. Therefore, he has not pleaded a plausible claim

for relief to quiet title."); *Bond v. Federal Nat'l Mtg. Ass'n*, 2012 WL 4754967, at

*7 (W.D. Mich. 2012) ("A Plaintiff's failure to provide [any] legal or factual

justification for [his] quiet title claim other than the conclusory allegation that the

foreclosure was wrongful, invalid, and voidable necessitates dismissal of his quiet

title claim.").  Here, plaintiff alleges no valid quiet title claim.[4]

### D.     Declaratory Judgment - PFTA

---

[4]  Plaintiff concedes that he alleges no valid quiet title claim, but says he should be
allowed leave to amend the complaint to assert a proper claim.  (Dkt. 6, Pg ID 145).  Plaintiff has
filed no such motion and without a motion and proposed amended complaint, the undersigned
cannot assess the propriety of such a motion or the viability of plaintiff's claim.

In Count II, plaintiff requests this Court to declare that "his interest in the [Property] is in full effect and in tack [sic], thus superior to and has priority over any interest in that real estate claimed by [U.S. Bank.]" (Dkt. 1, Complaint, ¶ 23). Defendant points out that a court has the power to enter a declaratory judgment only in a case of actual controversy. *Chrysler Corp. v. Home Ins. Co.*, 213 Mich. App. 610, 613; 540 N.W.2d 485 (1995). "The existence of an 'actual controversy' is a condition precedent to invocation of declaratory relief. In general, 'actual controversy' exists where a declaratory judgment or decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights." *Shavers v. Kelley*, 402 Mich. 554, 588; 267 N.W.2d 72 (1978). According to defendant, plaintiff cannot succeed on his claim for declaratory judgment because he has not identified any actual controversy between the parties. Rather, defendant argues that plaintiff has failed to state any valid causes of action, and therefore lacks a basis from which to request declaratory relief. In response, plaintiff argues that his declaratory relief is sought under the Protecting Tenants at Foreclosure Act of 2009 (PFTA). Plaintiff claims he never received the notice of foreclosure even though he was in possession of the property which was foreclosed. As explained in *Smith v. Revely*, 2014 WL 635305 (E.D. Mich. 2014), the Sixth Circuit Court has recently held that the PTFA "does not provide an express or implied private right of action." *Mik v. Fed. Home Loan Mortg. Corp.*, 2014 WL 486214 (6th Cir.

2014).  The Sixth Circuit Court also held that violations of the PFTA may be used to establish a state law cause of action.  *Id.* at *36-40.  Here, however, plaintiff's state law claims have otherwise been found to be without merit or barred by *res judicata*.  Notably, only bona fide leases are protected under PFTA.  Plaintiff admits that he has no lease agreement and the PFTA defines "bona fide lease or tenancy" in relevant part as one where "the tenant is not the mortgagor or the mortgagor's spouse, parent, or child."  12 U.S.C. § 5220.  Thus, it appears that his PFTA/declaratory judgment claim must also fail.

## V.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and plaintiff's complaint **DISMISSED** with prejudice.[5]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

---

[5] Given the foregoing conclusions, the undersigned need not address defendant's claim that some or all of plaintiff's claims are barred by the *Rooker/Feldman* doctrine.

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 21, 2014                     s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 21, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to parties of record.

<u>s/A. Chubb for Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
